

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM BELL, | No. 14-35536 |
| Petitioner - Appellant, | D.C. No. 6:12-cv-02367-ST |
| v. | |
| ROB PERSSON, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mossman, District Judge, Presiding

Submitted July 8, 2015**
Portland, Oregon

Before: N.R. SMITH and OWENS, Circuit Judges, and HAYES,*** District Judge.

Appellant William Bell, an Oregon state prisoner, appeals the district court's

denial of his petition for a writ of habeas corpus. Pursuant to a plea agreement,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable William Q. Hayes, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Appellant pled guilty to four counts of unlawful use of a firearm and one count of a felon in possession of a firearm in exchange for the government dismissing three counts of attempted murder. Appellant alleges that his guilty plea was not knowing and voluntary, due to his trial counsel's ineffective assistance in failing to investigate his case. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We review the district court's denial of a habeas petition *de novo*. *See Smith v. Swarthout*, 742 F.3d 885, 892 (9th Cir. 2014). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), habeas relief can only be granted if the state court proceeding which adjudicated the claim on the merits "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We review the Marion County Circuit Court's post-conviction relief decision in this matter, as it is "the 'last reasoned state court decision' addressing [Appellant's] claims." *Smith*, 742 F.3d at 892 (citation omitted).

In this case, Appellant contends that the Marion County Circuit Court's denial of his ineffective assistance of counsel claim was based on an "unreasonable

2

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Appellant contends that his trial counsel performed deficiently by failing to interview several witnesses. Appellant asserts that, had these witnesses been interviewed, trial counsel would have advised Appellant to reject the plea deal, and Appellant would have insisted on going to trial.

An ineffective assistance of counsel claim has two components. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* Where, as here, the petitioner alleges that his trial counsel's ineffective assistance resulted in a guilty plea that was not knowing and voluntary, the petitioner must show a "reasonable probability that, but for counsel's [deficiency], he would not have pleaded guilty and would have insisted on going to trial." *Premo v. Moore*, 562 U.S. 115, 129 (2011); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Appellant has failed to demonstrate that the circuit court unreasonably determined the facts in concluding that Appellant did not satisfy the requirements of *Strickland*.

The record supports the following pertinent circuit court findings: (1) Appellant failed to submit credible evidence demonstrating that trial counsel failed to contact and interview all relevant witnesses; and (2) Appellant failed to submit credible evidence demonstrating that there were relevant witnesses who would have been able to offer credible and helpful testimony.  First, three of the five witnesses did not testify before the circuit court in support of Appellant's post-conviction petition.  Any failure of the circuit court to consider their likely trial testimony was not unreasonable.[1]  Second, the record supports the circuit court's finding that witness Eugene Robinson's testimony would not have been helpful to Appellant's defense.  Robinson's post-conviction affidavit was consistent with his own statements to police and did not provide Appellant with a defense.  Finally, it was not unreasonable to find that witness Kevin Smith's post-conviction testimony was not credible.  The circuit court's finding was based on the following factual findings: (1) Smith was biased in favor of Appellant; (2) Smith was angry about the length of Appellant's sentence; and (3) Smith would be impeached by his own prior inconsistent statements to police.  The circuit court's conclusion—that

---

[1] Appellant does not contend that these witnesses would have provided him with a defense.  Instead, Appellant contends that these witnesses would have impeached the credibility of two victims with respect to Appellant's motive for committing the offenses.

4

Appellant failed to satisfy the requirements of *Strickland*—was not based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see Strickland*, 466 U.S. at 691 ("[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable."). Accordingly, the district court did not err in denying habeas relief.

**AFFIRMED.**